18-2538
Canales v. Barr

BIA
Christensen, IJ
A094 486 107

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand nineteen.

PRESENT:
      ROBERT A. KATZMANN,
         *Chief Judge*,
      GUIDO CALABRESI,
      RAYMOND J. LOHIER, JR.,
         *Circuit Judges.*

_____

MARTIL DE JESUS CANALES,
      *Petitioner*,

      v.                        **18-2538-ag**

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      STEPHEN N. PREZIOSI, Law Office of Stephen N. Preziosi, P.C., New York, NY.

FOR RESPONDENT:      TIMOTHY G. HAYES, Trial Attorney (Joseph H. Hunt, Assistant Attorney General; Cindy S. Ferrier, Assistant Director, *on the brief*), *for* the Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Martil De Jesus Canales ("Canales"), a native and citizen of El Salvador, seeks review of an August 14, 2018 decision of the BIA affirming a September 15, 2017 decision of an Immigration Judge ("IJ") denying Canales's application for cancellation of removal. *In re Martil De Jesus Canales,* No. A 094 486 107 (B.I.A. Aug. 14, 2018), *aff'g* No. A 094 486 107 (Immig. Ct. N.Y.C. Sept. 15, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the BIA's and the IJ's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Our jurisdiction to review the agency's denial of cancellation of removal is limited to colorable constitutional claims and questions of law. 8 U.S.C. §§ 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39–40 (2d Cir. 2008).

A nonpermanent resident, such as Canales, may have his removal cancelled if he (1) "has been physically present in the United States for a continuous period of not less than 10 years," (2) "has been a person of good moral character during" those years, (3) has not been convicted of certain offenses, and (4) demonstrates that his "removal would result in exceptional and extremely unusual hardship" to his U.S. citizen or lawful permanent resident spouse,

2

parent, or child. 8 U.S.C. § 1229b(b)(1). The agency denied relief based solely on a failure to show hardship.

Hardship is a high standard that requires a showing that the "qualifying relatives would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001); *see also In re Andazola-Rivas*, 23 I. & N. Dec. 319, 322 (BIA 2002) (noting that exceptional and extremely unusual hardship is a "very high standard"). The agency considers, among other evidence, "the ages, health, and circumstances of qualifying lawful permanent resident and United States citizen relatives." *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63; *see In re Andazola-Rivas*, 23 I. & N. Dec. at 323; *see also In re Gonzalez Recinas*, 23 I. & N. Dec. 467 (BIA 2002).

The agency's hardship determination, reached after consideration of the relevant factors and record evidence, is a discretionary decision that we lack jurisdiction to review. *Barco-Sandoval*, 516 F.3d at 42. Although a question of law may arise if the agency overlooks material evidence, *see Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), the record does not support Canales's argument that the IJ ignored the emotional hardship that his removal would cause his qualifying relatives. The IJ considered the documentary record and the testimony from

3

Canales and his wife. The IJ acknowledged that Canales has a close relationship with most of his children and that it would be "emotionally difficult" for these children to be separated from him. After considering all the factors, including that his family relied on him for financial support and the health conditions of his children and his spouse, the IJ ultimately decided that the hardship would not be beyond what would be expected from a parent's removal. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. at 62. Accordingly, because the IJ considered the evidence, Canales's argument amounts to a challenge to the IJ's factfinding and discretionary choices, which we lack jurisdiction to review. *See Barco-Sandoval*, 516 F.3d at 42.

Canales's remaining arguments also fail. His argument that the IJ did not have an adequate basis to determine that his children could assist his wife in supporting his family does not raise a question of law because Canales is challenging the inferences that the IJ made based on the record — here, that if Canales's wife becomes sick in the future her children may have to help support her. *See Emokah v. Mukasey*, 523 F.3d 110, 119 (2d Cir. 2008); *see also Siewe v. Gonzales*, 480 F.3d 160, 167–68 (2d Cir. 2007) ("Drawing inferences from direct and circumstantial evidence is a routine and necessary task of any factfinder. The very essence of [the factfinder's] function is to select from among conflicting inferences and conclusions that which it considers

most reasonable." (internal quotation marks omitted)).  Canales's argument that the IJ erred by refusing to allow his children to testify was not exhausted before the agency.  Canales both failed to object when the IJ disallowed his children's testimony and failed to raise the issue of his children's testimony before the BIA.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121–22 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5